IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRISTIN HARDY,

    Plaintiff,

 vs.

D. SISSON, et al.,

    Defendants.

No. 2:13-cv-2514-GEB-CMK-P

FINDINGS AND RECOMMENDATION

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss (Doc. 23) and plaintiff's opposition thereto (Doc. 28).

**I.    BACKGROUND**

    This action proceeds on plaintiff's second amended complaint (Doc. 22) against two defendants, Sisson and Dotson. Plaintiff alleges that the defendants violated his Due Process rights during two different prison disciplinary proceedings. The first one, he alleges defendant Dotson violated his due process by failing to allow witness testimony, the finding of guilt was not based on some evidence, and the resulting adverse transfer was not based on some evidence. During the second hearing, plaintiff alleges defendant Sisson also refused witness testimony and

denied plaintiff's right to rely on a social worker's mental health report.

## II. MOTION TO DISMISS

Defendants filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff fails to state a claim. Defendants argue that plaintiff does not have a liberty interest and that he received all process due.

### A. Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

/ / /

### B. Motion

Defendants argue plaintiff fails to state a claim for which relief can be granted. First, they argue plaintiff has no liberty interest as he did not lose good time credits. Even if he has a liberty interest, they argue he received all process that was due. Next, defendants contend plaintiff fails to state a claim based on the assessment of a security housing unit term, and finally that there is no claim against defendant Dotson as alleged in the complaint.

Plaintiff opposes the motion on the grounds that he does have a liberty interest in the right to call witnesses. He argues the right to notice and opportunity to be heard includes the right to call witnesses, and that the denial of his witness was based on relevancy not due to any safety concerns, so he should have been allowed to ask relevant questions. He further contends that he states a claim against defendant Dotson as defendant Dotson's hearing decision was the basis for his adverse transfer and increased classification score, and the record of conviction was never expunged. Finally, plaintiff argues that defendant Sisson erred in rejecting the opinion of the social worker as he is not a psychologist and lacked the capacity to make such a determination, which violated plaintiff's Fourteenth Amendment rights.

### C. Discussion

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits. See id.

/ / /

1           Liberty interests can arise both from the Constitution and from state law.  See
2 Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976);
3 Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993).  In determining whether the Constitution
4 itself protects a liberty interest, the court should consider whether the practice in question ". . . is
5 within the normal limits or range of custody which the conviction has authorized the State to
6 impose."  Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405.  Applying this standard, the
7 Supreme Court has concluded that the Constitution itself provides no liberty interest in good-
8 time credits, see Wolff, 418 U.S. at 557; in remaining in the general population, see Sandin v.
9 Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges, see Baxter v. Palmigiano, 425
10 U.S. 308, 323 (1976); in staying at a particular institution, see Meachum, 427 U.S. at 225-27; or
11 in remaining in a prison in a particular state, see Olim v. Wakinekona, 461 U.S. 238, 245-47
12 (1983).

13           In determining whether state law confers a liberty interest, the Supreme Court has
14 adopted an approach in which the existence of a liberty interest is determined by focusing on the
15 nature of the deprivation.  See Sandin v. Connor, 515 U.S. 472, 481-84 (1995).  In doing so, the
16 Court has held that state law creates a liberty interest deserving of protection only where the
17 deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the
18 sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the
19 ordinary incidents of prison life."  Id. at 483-84.  Prisoners in California have a liberty interest in
20 the procedures used in prison disciplinary hearings where a successful claim would not
21 necessarily shorten the prisoner's sentence.  See Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th
22 Cir. 2003) (concluding that a due process challenge to a prison disciplinary hearing which did not
23 result in the loss of good-time credits was cognizable under § 1983); see also Wilkinson v.
24 Dotson, 544 U.S. 74, 82 (2005) (concluding that claims which did not seek earlier or immediate
25 release from prison were cognizable under § 1983).
26 / / /

Finally, with respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate.  See Wolff, 418 U.S. at 563-70.  Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985).  The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56.  However, a due process claim challenging the loss of good-time credits as a result of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by way of habeas corpus.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

To the extent defendants argue plaintiff has no liberty interest in the disciplinary proceedings, the undersigned disagrees.  See Ramirez, 334 F.3d at 853, 859.

As to the due process violations alleged against defendant Sisson, plaintiff claims his due process rights were violated by defendant Sisson's refusal to allow him to question a witness at his hearing and not documenting the investigative employee's report in the hearing findings, thus preventing him from presenting a defense.  He also alleges the finding of guilt for battery was not supported by some evidence, and defendant Sisson erred in rejecting his mental health assessment.  As to his claims against defendant Dotson, he alleges defendant Dotson violated his due process rights by refusing witness testimony and that defendant Dotson's findings were used in the adverse transfer decision.

Defendants argue that the claims against defendant Dotson are insufficient because the hearing decision issued by defendant Dotson was reversed during the inmate

5

1  grievance process, resulting in a rehearing.  Thus, any possible errors by defendant Dotson were
2  remedied.  The undersigned agrees.  Pursuant to the documents attached to plaintiff's complaint,
3  he successfully challenged the guilty finding by defendant Dotson.  Indeed, the administrative
4  reviewer found defendant Dotson erred in refusing plaintiff's request for witness, the same claim
5  raised against defendant Dotson in this case.  The purpose of the prison grievance system is to
6  provide an opportunity for the prison to correct errors and address issues raised by the prisoners
7  on an administrative level.  See Woodford v. Ngo, 548 U.S. 81, 90 (2006).  In this case,
8  plaintiff's grievance as to the errors in the hearing conducted by defendant Dotson was granted,
9  and plaintiff was given a new hearing.  Thus, any errors defendant Dotson made during the
10 February 2, 2012, hearing, including the due process violations plaintiff claims, are no longer
11 controlling.  Therefore, plaintiff cannot state a claim against defendant Dotson for a violation of
12 his due process right during the hearing that was vacated.

13         The new disciplinary hearing was conducted by defendant Sisson on October 16,
14 2012.  The defendants contend that plaintiff was given all process that was due during the
15 hearing, and that the decision by defendant Sisson to reject the mental health assessment was not
16 a due process violation but goes to the weight of the evidence.  As to the due process argument,
17 as stated above, a prisoner has a limited right to call witnesses, unless calling witnesses would
18 interfere with institutional security.  See Wolff, 418 U.S. at 566.  Defendant Sisson denied
19 plaintiff's request to question a witness, determining that the questions were irrelevant.  While
20 that might be an accurate determination, on a motion to dismiss the court simply looks to
21 whether the plaintiff states a claim and does not weigh the evidence.  The denial of a witness at a
22 prison disciplinary hearing may in fact be a denial of due process.  Whether plaintiff can produce
23 evidence to such a denial, that the testimony of the witness would have necessarily made a
24 difference in the outcome of the hearing, is more appropriately addressed on a motion for
25 summary judgment.  This is especially in light of the administrative grievance opinion that the
26 failure to allow plaintiff to call the witness violated his due process rights which resulted in the

prior guilty findings being reversed and plaintiff being provided a new hearing.  The undersigned does not find a separate challenge to the administrative segregation decision, but rather find it is based on the finding of guilt, which only need be addressed if there was a determination that plaintiff's due process rights were violated.

However, as to the rejection of the social worker's mental health assessment, the undersigned agrees with the defendants that this is not a claim for denial of due process. Plaintiff alleges defendant Sisson reviewed the report and rejected it, but that he was unqualified to do so. As the senior hearing officer overseeing plaintiff's disciplinary hearing, it was defendant Sisson's duty to review the evidence and make necessary determinations relevant to that evidence.  This includes the mental health report.  In the hearing documents attached to the complaint, it is clear that defendant Sisson reviewed the report and found it did not provide sufficient support for finding plaintiff's mental disorder contributed to his misconduct.  Such a determination, with the statement of reasons, is within the realm of the senior hearing officer's duties.  The senior hearing officer did not simply disregard the report, but rather considered it and made the necessary determination as to whether it supported a finding that plaintiff's mental condition contributed to the incident.  Plaintiff's disagreement with the determination does not render it a violation of his due process rights.

### III.   CONCLUSION

Based on the above discussion, the undersigned finds plaintiff's second amended complaint fails to state a claim against defendant Dotson for violation of his due process rights, but it does state a claim against defendant Sisson based on his refusal to allow plaintiff to question his witness.  There is no due process violation claim in regards to defendant Sisson's treatment of the mental health report.

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion to dismiss (Doc. 23) be granted in part and denied in part;

      2.      Defendants' motion to dismiss the claims against defendant Dotson be granted, without leave to amend, and defendant Dotson be dismissed from this action;

      3.      Defendants' motion to dismiss the claims regarding defendant Sisson's treatment of the mental health report be granted, without leave to amend;

      4.      Defendants' motion to dismiss the claims against defendant Sisson for violation of plaintiff's due process rights in regards to the questioning of the witness be denied;

      5.      This action continue against defendant Sisson only; and

      6.      Defendant Sisson be directed to file an answer within 30 days of the adoption of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 20, 2015

                                                              **CRAIG M. KELLISON**
                                                              UNITED STATES MAGISTRATE JUDGE