# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

KRISTIN HARDY,	No. 2:13-CV-2514-GEB-CMK-P

    Plaintiff,

  vs.	ORDER

SISSON,

    Defendant.

                            /

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

      Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  First, plaintiff has been able to adequately articulate the claims in this case, which are not overly complex legally, without assistance.  Second, the court cannot say at this stage of proceedings prior to an answer to the complaint being filed whether plaintiff has a likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 31) is denied.

DATED:  March 11, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE