IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KRISTIN HARDY, | ) | 2:13-cv-02514-GEB-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS TO GRANT |
| vs. | ) | IN PART AND DENY IN PART |
| | ) | PLAINTIFF'S MOTION TO STRIKE |
| D. SISSON, | ) | DEFENDANT'S AFFIRMATIVE |
| | ) | DEFENSES |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATIONS TO
GRANT IN PART AND DENY IN PART PLAINTIFF'S
MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Before the Court is Plaintiff Kristin Hardy's Motion to Strike Defendant D. Sisson's Affirmative Defenses (Doc. 39).   After careful consideration of the Motion and the supporting and opposing memoranda, the Court finds and recommends that Plaintiff's Motion be GRANTED IN PART and DENIED IN PART.   Specifically, Defendant withdraws the second affirmative defense, and the Court therefore recommends striking it.   The Court recommends declining to strike the remaining affirmative defenses.

DISCUSSION

A Court may strike affirmative defenses under Federal Rule of Civil Procedure 12(f) if they present an "insufficient defense, or any redundant,

immaterial, impertinent, or scandalous matter."   Fed. R. Civ. P. 12(f).   The

purpose of a 12(f) motion to strike is to "avoid the expenditure of time and money

that must arise from litigating spurious issues by dispensing with those issues prior

to trial."   Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993), reversed on

other grounds, 510 U.S. 517 (1994).   A defense is insufficiently pled if it fails to

give the plaintiff "fair notice of the nature of the defense."   Wyshak v. City Nat'l

Bank, 607 F.2d 824, 827 (9th Cir.1979).   A matter is immaterial if it has "no

essential or important relationship to the claim for relief or the defenses being

pleaded."   Fogerty, 984 F.2d at 1527.   A matter is impertinent if it "consists of

statements that do not pertain, and are not necessary, to the issues in question."   Id.

"While a Rule 12(f) motion provides the means to excise improper

materials from pleadings, such motions are generally disfavored because the

motions may be used as delaying tactics and because of the strong policy favoring

resolution on the merits."   Barnes v. AT&T Pension Ben. Plan-Nonbargained

Program, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).   Accordingly, once an

affirmative defense has been properly pled, "a motion to strike which alleges the

legal insufficiency of an affirmative defense will not be granted 'unless it appears to

a certainty that plaintiffs would succeed despite any state of the facts which could be

proved in support of the defense.'"   Id.; see also McArdle v. AT&T Mobility LLC,

657 F. Supp. 2d 1140, 1149-50 (N.D. Cal. 2009).

A. First Affirmative Defense

As its first affirmative defense, Defendant states that he "is immune from suit or entitled to qualified immunity."   (Answer at 4.)   Plaintiff argues that this defense should be stricken because "qualified immunity can only be asserted as a protection against money damages."   (Motion at 1.)

Plaintiff's Second Amended Complaint ("SAC") prays for injunctive relief as well as "any other relief deemed just and equitable."   (SAC at 28-30.)   In civil rights cases where the plaintiff appears pro se, courts "must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). Therefore, the Court liberally construes Plaintiff's prayer for "any other relief" to include possible money damages.   To the extent Plaintiff may be seeking money damages in this case, Defendant is permitted to raise the affirmative defense of qualified immunity.   Am. Fire, Theft & Collision Managers, Inc. v. Gillespie, 932 F.2d 816, 818 (9th Cir. 1991) ("Qualified immunity is an affirmative defense to damage liability; it does not bar actions for declaratory or injunctive relief.").   The Court therefore recommends against striking this defense.

B. Second Affirmative Defense

Defendant states in its Opposition that it withdraws this defense (failure to allege facts sufficient to state a claim upon which relief can be granted). Therefore, the Court recommends striking this defense.

### C. Third Affirmative Defense

In its third affirmative defense, Defendant asserts that "Plaintiff failed to allege facts sufficient to state a claim for injunctive or declaratory relief." (SAC at 4.) Defendant argues that, in order to obtain the injunctive relief Plaintiff wants, Plaintiff "must demonstrate that the entity's policy or custom played a part in the violation of plaintiff's rights." (Opp. at 3.) Because Plaintiff makes no allegations about a policy or custom in his complaint, Defendant argues that his allegations do not support a claim for injunctive relief.

Plaintiff argues that this defense should be stricken because "it has already been determined by this court that the complaint adequately states a claim for relief." (Motion at 2.) When the Court screened Plaintiff's complaint, the Court stated that the "complaint appears to state a cognizable claim for relief." (Doc. 5 at 1.) Later, in ruling on a Motion to Dismiss, the Court stated that Plaintiff's allegations "may in fact be a denial of due process." (Doc. 30 at 6.) However, in both orders, the Court made clear that Plaintiff would need to produce evidence to prevail on the merits. (Doc. 5 at 2; Doc. 30 at 6.) As Defendant

4

argues, the merits of this claim and/or defense will be further developed through

discovery.   Inasmuch as discovery is ongoing and this defense is not insufficient,

redundant, immaterial, or impertinent, the Court recommends against striking it.

See Fed. R. Civ. P. 12(f).

> D. Fourth and Fifth Affirmative Defenses

In his fourth and fifth affirmative defenses, Defendant states that

Plaintiff's claims are barred by the doctrines of res judicata and claim preclusion

"[t]o the extent that Plaintiff has previously litigated the issues raised in the

Amended Complaint."   (Answer at 4.)   Plaintiff argues that there is no evidentiary

basis for these defenses and should therefore be stricken.

Defendant raised these defenses as a precaution in case discovery or

further investigation reveals that Plaintiff's claim was previously litigated or raised

in a state habeas petition.   Because discovery is ongoing and it remains uncertain

whether Plaintiff litigated this claim before, the Court recommends against striking

Defendant's fourth and fifth affirmative defenses at this time.   See Fed. R. Civ. P.

12(f).

> E.  Sixth and Seventh Affirmative Defenses

In his sixth and seventh affirmative defenses, Defendant states that

"Plaintiff failed to mitigate his injuries" and Plaintiff's injuries were caused by his

own actions or omissions.   (Answer at 4.)   Plaintiff argues that there is no evidentiary basis to support these defenses.   (Motion at 2.)

Defendant raised these defenses because the extent of Plaintiff's injuries and Plaintiff's role in his injuries are unclear.   (Opp. at 4.)   Defendant intends to further develop the record regarding Plaintiff's injuries through discovery. As above, since discovery is ongoing and these defenses are not insufficient, redundant, immaterial, or impertinent, the Court recommends against striking Defendant's sixth and seventh affirmative defenses at this time.

<u>CONCLUSION</u>

In light of the foregoing, the Court finds and recommends that Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 39) be GRANTED IN PART and DENIED IN PART.   Specifically, the Court recommends striking Defendant's second affirmative defense for failure to allege facts sufficient to state a claim upon which relief can be granted.   The Court recommends against striking Defendant's remaining affirmative defenses.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).   Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court.   Local

Rule 304(b).   The document shall be captioned "Objections to Magistrate Judge's Findings and Recommendation."   Responses, if any, are due within fourteen (14) days after being served with the objections.   Local Rule 304(d).   The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.   Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 9, 2016



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Kristin Hardy v. D. Sisson, 2:13-cv-02514-GEB-BMK, FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES.