IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KRISTIN HARDY, | ) | 2:13-cv-02514-GEB-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| vs. | ) | MOTIONS TO COMPEL |
| | ) | DISCOVERY |
| D. SISSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY

Before the Court are Plaintiff Kristin Hardy's Motions to Compel Discovery (Docs. 43 & 44).   These Motions are based on Defendant D. Sisson's responses to interrogatories.   Plaintiff contends that Defendant's responses were evasive or incomplete.   After careful consideration of the Motions and the supporting and opposing memoranda, the Court DENIES Plaintiff's Motions.

BACKGROUND FACTS

In this civil rights action, Plaintiff challenges a prison disciplinary decision finding him guilty of battery on an inmate.   Plaintiff's sole claim in this case is that Defendant, as the hearing officer who presided over Plaintiff's disciplinary hearing, violated Plaintiff's due process rights when he denied Plaintiff's request to call the reporting officer as a witness during the hearing.

On May 16, 2016, Plaintiff served Defendant with the First Set of Interrogatories, and Defendant responded on June 27, 2016.   On July 6, 2016, Plaintiff served Defendant with the Second Set of Interrogatories, and Defendant responded on August 19, 2016.   Plaintiff now challenges several of Defendant's responses to interrogatories.

DISCUSSION

Under Rule 26(b), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."   "Information within the scope of discovery need not be admissible in evidence to be discoverable."   Id.

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling responses when an opposing party has failed to respond or has provided evasive or incomplete responses.   Fed. R. Civ. P. 37(a)(3)(B); Morgan v. Tilton, No. 1:08-cv-00233 LJO-GSA, 2013 WL 5406817, at *1 (E.D. Cal. Sept. 25, 2013).   "[A]n evasive or incomplete disclosure, answer, or response must be treated

2

as a failure to disclose, answer, or respond."   Fed. R. Civ. P. 37(a)(4).   The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.   See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

Plaintiff challenges Defendant's responses to five interrogatories.

A. Interrogatory No. 6 (First Set of Interrogatories)

In Interrogatory No. 6, Plaintiff asked Defendant to "Please provide, or otherwise identify and locate, any and all information related to the ratio between the number of inmates you have found guilty for serious rule violations, versus the number you have acquitted."   (Doc. 43, Ex. 1).   Defendant objected on the grounds irrelevance and vagueness, but nevertheless responded as follows:

> Notwithstanding the objection, Defendant responds as follows: To the extent Plaintiff is asking how often I found an inmate not guilty of a disciplinary charge, I do not know the exact number and there is no way to track that information.   However, my best estimate would be that for every 100 hearings I presided over, 15 cases resulted in a not guilty finding.

(Id.)

Plaintiff disagrees with Defendant's statement that "there is no way to track" the exact number of guilty findings because Plaintiff believes "all disciplinary matters are stored and recorded."   (Doc. 42 and 2.)   Plaintiff cites to a section of the California Code of Regulations, which requires that records of disciplinary proceedings be kept by the Register of Institution Violations.   Cal. Code Reg. tit. 15

3

§ 3326.   However, the code does not require that the records be maintained in a

manner in which they can be easily tracked.   Id.   According to Defendant, he

would have to sort through thousands of records to pull the information Plaintiff

seeks.   (Doc. 45 and 3.)   Given that a responding party is "not required to perform

extensive research" in order to answer an interrogatory, the Court finds that

Defendant's estimate as to his number of guilty findings is reasonable and adequate.

L.H. v. Schwarzenegger, Civ. No. S-06-2042 LKK GHH, 2007 WL 2781132, at *2

(E.D. Cal. Sept. 21, 2007) ("party must make reasonable efforts to respond").

      B.  Interrogatory No. 7 (First Set of Interrogatories)

      In Interrogatory No. 7, Plaintiff asked Defendant whether he has "ever

been reversed on appeal based on due process violation?"   (Doc. 43 Ex. 1)   If so,

Plaintiff asked for the number of reversals, whether the reversals occurred at the

second or third level, the nature of the due process violations, and the date, appeal

log number and rule violation log number of each violation.   Defendant objected on

the grounds that the question was irrelevant and overbroad.   Notwithstanding the

objections, Defendant responded as follows:

        In my tenure with the California Department of
Corrections and Rehabilitation as a Correctional Lieutenant, I
estimate that I presided over more than 2000 disciplinary
hearings.   I have had disciplinary decisions where I found
inmates guilty of the disciplinary charge reversed during the
administrative appeals process.   However, I do not know how

many times I was reversed, at what level of the administrative appeals process this occurred, what type of due process violation was found, or the date of the reversals and the log number. This information is not tracked and there is no way for me to find this type of information.

Furthermore, Plaintiff did submit an administrative appeal challenging my findings in the disciplinary hearing at issue in this litigation. That administrative appeal, Log No. PVSP-12-03367, was denied.

(Id.)

Plaintiff challenges Defendant's response, stating: "[Defendant's] response that 'he does not know' how many times he has been reversed on appeal for due process error, is an evasive answer." (Doc. 43 at 2.) However, according to Defendant, the records are not maintained in a searchable or trackable manner and he would have to sift through thousands of files to answer the interrogatory. As noted above, a responding party need only make reasonable efforts and need not "perform extensive research" to answer an interrogatory. L.H., 2007 WL 2781132, at *2. The Court finds that Defendant's answer is reasonable and adequate. Id.

C. Interrogatory No. 7 (Second Set of Interrogatories)

In the Second Set of Interrogatories, Plaintiff's Interrogatory No. 7 asked Defendant to "Explain under what circumstances would it be considered a due process violation to deny an inmate witness." (Doc. 44 at Ex. 1.) Defendant responded: "Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and improperly hypothetical because determining whether

5

there has been a due process violation for the denial of a witness calls for a legal

conclusion.   Defendant is unable to guess at every scenario whether there could be a

due process violation."   (Id.)

        In the motion to compel, Plaintiff argues that "there is no basis for this

objection" because Defendant is "an expert in the disciplinary process" who "would

indeed know the circumstances under which it would be a due process violation to

deny an inmate's request for witnesses. "   (Doc. 44 at 2.)

        In disciplinary proceedings, inmates are permitted to call witnesses

"when permitting him to do so will not be unduly hazardous to institutional safety or

correctional goals."   Wolff v. McDonnell, 2979, 418 U.S. 539, 566 (U.S. 1974).

When deciding whether to permit witnesses, the prison administration "must

balance the inmate's interest in avoiding loss of good time against the needs of the

prison."   Id.   Indeed, "the unrestricted right to call witnesses from the prison

population carries obvious potential for disruption and for interference with the swift

punishment that in individual cases may be essential to carrying out the correctional

program of the institution."   Id.   "Prison officials must have the necessary

discretion to keep the hearing within reasonable limits and to refuse to call witnesses

that may create a risk of reprisal or undermine authority."   Id.

        Plaintiff's interrogatory asked Defendant to imagine and explain every

possible scenario where the denial of a witness might violate due process.   (Doc. 44

at Ex. 1.)   An explanation of every possible scenario is not reasonably calculated to

lead to the discovery of admissible evidence in Plaintiff's case.   Further, Defendant

had explained to Plaintiff why his request to call a witness was denied.   (Doc. 46

at 3.)

>           D. Interrogatory No. 8 (Second Set of Interrogatories)

>           In Interrogatory No. 8, Plaintiff asked: "Considering your knowledge

of the disciplinary process and your experience as a senior hearing officer, if an

inmate was denied the right to call any witnesses at a disciplinary hearing, could

such denial impede an inmate's ability to present a defense?"   (Doc. 44 at Ex. 1.)

Defendant responded:   "Defendant objects to this interrogatory on the grounds that

it is vague and ambiguous, overbroad, and it presents an improper hypothetical

without facts.   Thus, it is not possible to answer this interrogatory as presented

without guessing."   (Id.)

>           Plaintiff argues that Defendant's "objection is without merit" because

plaintiff "merely seeks to establish [Defendant's] opinion based on his vast

experience, on what scenario would constitute an arbitrary denial of witnesses."

(Doc. 44 at 2.)   The Court finds this interrogatory to be vague and ambiguous.

Depending on the circumstances of a particular hearing, the denial of an inmate's

request to call a witness may or may not impede his defense.   Without more facts,

Defendant would have been unable to answer that question.

E.  Interrogatory No. 11 (Second Set of Interrogatories)

Interrogatory No. 11 asked:   "Regardless of whether or not you felt

that the three questions you denied as irrelevant had refuting or mitigating value, if

the questions were relevant to the charge, did [Plaintiff] have a due process right to

ask questions?   If your answer is no, explain your answer."   (Doc. 44 at Ex. 1.)

Defendant responded:   "Defendant objects to this interrogatory on the grounds that

it is argumentative and harassing.   Notwithstanding these objections, Defendant

responds as follows:   The questions were denied because they were irrelevant to the

specific charge of Battery on an Inmate."   (Id.)

Plaintiff contends Defendant's response is "evasive and incomplete

because Plaintiff did not ask [Defendant] why the three questions were denied;

rather, plaintiff seeks specific information from [Defendant] regarding plaintiff's

right to ask questions that are relevant to the charge."   (Doc. 44 at 2.)   The Court

finds that, as with interrogatories above, Defendant was unable to answer this

question generally and had to answer it based only on the circumstances presented in

this case.   Defendant informed Plaintiff that his questions were denied as irrelevant

ad that irrelevant questions were not allowed.   (Doc. 46 at 4.)   The Court finds that

8

this response was adequate.

<u>CONCLUSION</u>

In light of the foregoing, the Court finds that Defendant's responses to

the interrogatories were not evasive or incomplete.   Consequently, the Court

DENIES Plaintiff's Motions to Compel Discovery (Docs. 43 & 44.)


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 27, 2017



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge


<u>Kristin Hardy v. D. Sisson</u>, 2:13-cv-02514-GEB-BMK, ORDER DENYING PLAINTIFF'S
MOTIONS TO COMPEL DISCOVERY.